IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ONETH B. SAVERY,

          Plaintiff,

          vs.                           Case No. 11-3178-JTM

FORDYCE CONCRETE, INC., AND TEAMSTERS
UNION LOCAL 541,

          Defendants.

MEMORANDUM AND ORDER

*Pro se* plaintiff Oneth Savery has brought the present 42 U.S.C. § 1983 action against his former employer Fordyce Concrete, Inc., and Teamsters Union Local 541, alleging violations of constitutional rights to due process and equal protection. The matter is before the court on the Motions to Dismiss pursuant to Fed.R.Civ.Pr. 12(b)(6) of defendants Fordyce and Local 541, both of whom argue that § 1983 is inapplicable because there is no credible allegation that they were acting under color of state law. Savery has filed an untimely Response to the Union's motion, and no response to Fordyce's motion.

The court hereby grants the Motions to Dismiss pursuant to D.Kan.R. 7.4 and for good cause shown. Savery was suspended from employment following a traffic accident in which another motorist was injured. He filed a grievance with the union pursuant to a collective bargaining agreement, but in the interim was convicted of various crimes, including rape, and sentenced to 28

years imprisonment. The union determined not to proceed with the grievance, and Fordyce terminated his employment.

Generally, a private company is not considered a state actor under § 1983. *See Jackson v. Metropolitan Edison, Co.*, 419 U.S. 345 (1974). Savery has made no showing that Fordyce, a private for-profit corporation, was acting under color of state law. In fact, in his *pro se* complaint, Savery checked the "No" box in responding to the question "At the time the claim(s) alleged in this complaint arose, was the defendant acting under the color of state law?"

Savery does argue in his Response that the Union was operating under state law, apparently based upon references to federal law authorizing and defining the scope of collective bargaining agreements. However, even though federal law may generally define the rights and powers of labor unions, courts have consistently held that unions are not considered state actors for purposes of § 1983. *See, e.g., See, Montgomery v. City of Ardmore*, 365 F.3d 926, 942 (10th Cir. 2004).

IT IS ACCORDINGLY ORDERED this 13th day of March, 2012, that the defendants' Motions to Dismiss (Dkt. 13, 19) are hereby granted.

 s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE