IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ONETH B. SAVERY,

           Plaintiff,

       *v.*                             Case No. 11-3178-JTM

FORDYCE CONCRETE, INC.

   *and*

TEAMSTERS UNION LOCAL 541,

           Defendants.

MEMORANDUM AND ORDER

*Pro se* plaintiff Oneth Savery has moved to alter or amend the court's March 13, 2012 Order dismissing this civil rights action against Fordyce Concrete and Teamsters Union Local 541.

A motion to alter or amend under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482

(D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).   The resolution of the motion is committed to the sound discretion of the court.   *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Savery's motion is denied. First, the motion is untimely under Rule 59(e), which requires that a motion for relief under that Rule must be made "no later than 28 days of the entry of judgment." Because the motion was untimely under Rule 59, it is treated as a   motion seeking relief from judgment under Rule 60(b). P*almer v. Denver Health & Hosp. Auth.*, 263 Fed. Appx. 670, 671 (10th Cir. 2008). Rule 60(b) authorizes relief from judgment in the event of

    (1)  mistake, inadvertence, surprise, or excusable neglect;

    (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)  fraud   (whether   previously   called   intrinsic   or   extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)  the judgment is void;

    (5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)  any other reason that justifies relief.

Relief under Rule 60(b) is granted only in exceptional circumstances, *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991). The Rule is not a vehicle for repeating old arguments, or for presenting new arguments which could have been presented earlier. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The

party seeking relief bears the burden of showing that one of the standards of the rule is met. *Van Skiver*, 952 F.2d at 1243-44.

Savery does not meet this standard. Instead, he simply repeats his previously-rejected argument that the defendants are state actors for purposes of 42 U.S.C. § 1983. Reargument is not sufficient grounds for relief under either Rule 59 or Rule 60(b).

IT IS ACCORDINGLY ORDERED this 26th day of June, 2012, that the Motion to Alter and Amend (Dkt. 25) of the plaintiff is hereby denied.

s/ J. Thomas Marten
J. Thomas Marten, Judge